Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Owings Auto Center, LLC

# United States Bankruptcy Court

Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re: Sharon Louise Walker-Robles,** | **Case No. 26-44343-mxm13** |
| **Debtor** | **Chapter 13** |
| | Confirmation Hearing:<br>December 17, 2026, at 8:30 a.m. |

## OWINGS AUTO CENTER, LLC'S OBJECTION TO CONFIRMATION

**TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:**

Now comes Owings Auto Center, LLC ("Owings Auto"), a secured creditor in the above bankruptcy, and files this Objection to Confirmation of the Chapter 13 Plan filed by the Debtor on October 14, 2026 [ECF No. 21] (the "Plan"), and would respectfully show the Court as follows:

## BACKGROUND

1. Sharon Louise Walker-Robles (the "Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 30, 2026 (the "Petition Date"). The Debtor is proceeding without counsel. The meeting of creditors under 11 U.S.C. § 341 has been continued to December 16, 2026 [ECF No. 30].

2. On April 10, 2026, the Debtor purchased a 2018 Honda Civic, VIN 2HGFC2F55JH539017 (the "Collateral"), from Owings Auto and financed the purchase under a Retail Installment Sale Contract (the "Contract"). Owings Auto holds a purchase money security interest in the Collateral and is noted as first lienholder on the Texas certificate of title. The

Contract requires monthly payments of $590.00 due on the 23rd of each month. Copies of the Contract and title are attached to Owings Auto's proof of claim filed October 6, 2026 [Claim No. 2] (the "Claim").

3. The Debtor bought the Collateral for personal use 173 days before the Petition Date. The Claim is therefore secured by a purchase money security interest in a motor vehicle acquired for the Debtor's personal use within 910 days before the Petition Date. Under the unnumbered paragraph following 11 U.S.C. § 1325(a)(9) (the "Hanging Paragraph"), § 506 does not apply, and the Claim may not be bifurcated or reduced to the value of the Collateral.

4. The Debtor listed the Collateral on Schedule A/B but listed no secured creditors on Schedule D. She listed the Contract on Schedule G as an executory contract. Her Schedule I reports monthly income of $4,294.00, and her Schedule J reports monthly expenses of $5,067.39, including the $590.00 Contract payment and a $2,590.46 mortgage payment, leaving monthly net income of negative $773.39 [ECF No. 1].

5. The Debtor's Chapter 13 Plan [ECF No. 21] (the "Plan") proposes payments of $500.00 per month for 24 months, a base amount of $12,000.00. The Plan does not mention Owings Auto or the Collateral. Section I, Parts E.(1) and F are marked "N/A," and Part G is blank. Under Section II, Part E.(2), a secured claim not provided for in the Plan is to be paid by the Debtor directly under the contract.

6. The Debtor has not made the Contract payments due after the Petition Date. She did not pay the $590.00 installment due October 23, 2026, and as of November 23, 2026 she was 31 days past due, with a second $590.00 installment coming due that day.

7. The Contract requires the Debtor to keep the Collateral insured with Owings Auto as loss payee. As of October 9, 2026, the Debtor was driving the Collateral without coverage. Owings Auto did not receive acceptable proof of insurance until October 20, 2026.

**OBJECTIONS**

8. **The Plan does not provide for Owings Auto's Claim.** Owings Auto has not accepted the Plan, and the Plan does not surrender the Collateral. 11 U.S.C. § 1325(a)(5)(A), (C). The Plan therefore may be confirmed only if Owings Auto retains its lien and receives property worth at least the allowed amount of the Claim. 11 U.S.C. § 1325(a)(5)(B). The Plan proposes no distribution to Owings Auto at all. Its fallback provision for direct payment under the Contract gives Owings Auto nothing, because the Debtor has already stopped paying under the Contract after filing this case.

9. **The Plan is not feasible.** The Debtor must show that she will be able to make all payments under the Plan and comply with it. 11 U.S.C. § 1325(a)(6). By her own schedules, the Debtor's expenses exceed her income by $773.39 per month before any plan payment. The Plan's entire $12,000.00 base amount is less than five months of the $2,590.46 mortgage payment shown on Schedule J. If the Plan were amended to pay the Claim through the Trustee, paying the Contract balance of approximately $20,968.02 in full over 24 months would require more than $873.66 per month in principal alone, before interest and the Trustee's fee, which is more than the Debtor's entire $500.00 plan payment. The Debtor has shown no ability to fund a plan that pays the Claim.

10. **Owings Auto's interest is not adequately protected.** Owings Auto is receiving no payments, through the Trustee or directly, while the Debtor keeps and drives the Collateral. The odometer read 99,045 miles when the title issued on May 2, 2026; the Debtor's schedules report approximately 103,887 miles. The Collateral is depreciating with daily use while the debt

goes unpaid. Any plan that retains the Collateral must provide adequate protection of Owings Auto's interest. 11 U.S.C. §§ 361, 1325(a)(5)(B)(iii).

11. **Any amended plan must pay the Claim in full or surrender the Collateral.** Because of the Hanging Paragraph, any plan that keeps the Collateral must pay the full allowed amount of the Claim, with interest at a rate sufficient to give Owings Auto the present value of its Claim, *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), in equal monthly payments, 11 U.S.C. § 1325(a)(5)(B)(iii)(I), and must require the Debtor to maintain full-coverage insurance on the Collateral with Owings Auto named as loss payee and to provide proof of coverage on request.

12. Owings Auto reserves the right to supplement or amend this Objection, including in response to any amended plan, and to seek relief from the automatic stay under 11 U.S.C. § 362(d) or dismissal of this case under 11 U.S.C. § 1307(c).

WHEREFORE, PREMISES CONSIDERED, Owings Auto prays that confirmation of the Plan be denied; that any amended plan be required either to surrender the Collateral to Owings Auto or to pay the Claim in full, with interest at the rate required by *Till*, in equal monthly payments, together with adequate protection and the insurance requirements set out above; and that Owings Auto be granted such other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____

Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Attorney for Owings Auto Center, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2026, a true and correct copy of the above Objection was served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via US Mail to Debtor (pro se)*:

Sharon Louise Walker-Robles
2023 Menefee Street
Arlington, TX 76010

*Via CM/ECF to Chapter 13 Trustee*:

Pam Bassel
Standing Chapter 13 Trustee
6851 N.E. Loop 820, Suite 300
North Richland Hills, TX 76180

*Via CM/ECF to US Trustee*:

United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

*/s/ Clayton L. Everett*
Clayton L. Everett